UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-11-1560 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is defendant City of Houston's ("City") motion for summary judgment. Dkt. 20. Plaintiff Joseph Chhim filed a response (Dkt. 24), and the City filed a reply (Dkt.25). After considering the motion, response, reply, and applicable law, and for the reasons set forth below, the court finds that the City's motion for summary judgment should be GRANTED.

**I. BACKGROUND**

Chhim states that he applied for a custodial position with the City on August 27, 2010. Dkt.1-2. On November 15, 2010, Chhim allegedly was notified by a City human resources specialist that he was not selected for the position. *Id*. Chhim asserts that he was more qualified than the younger individual who was allegedly selected for the position, and Chhim charges that he was not selected for the position because of his race, national origin, sex, and age. *Id*. Additionally, Chhim alleges that the City did not hire him in retaliation for filing previous charges of discrimination against the City in 1988, 1991, 1993, 2005, and 2007. *Id*.

The City claims that the position for which Chhim applied was never filled due to anticipated budget shortfalls. *Id*. The City asserts that Chhim cannot establish a *prima facie* case of discrimination or retaliation, and, even if he could, he cannot show hat the City's reason for not

hiring him was pretextual. *Id*. Additionally, the City alleges that Chhim failed to timely file his ADEA claim and that it therefore should be dismissed. *Id*.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is therefore entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence, if any, demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. The substantive law determines the facts which are material in each case. In determining whether a genuine dispute of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

## III. Title VII - DISCRIMINATION AND RETALIATION STANDARDS

Title VII of the Civil Rights Act of 1964 ("Title VII") makes it unlawful for an employer to "fail or refuse to hire. . .or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The ADEA similarly makes it

unlawful for an employer "to fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. *See Urbano v. Continental Airlines Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). When a plaintiff offers only circumstantial evidence, the *McDonnell Douglas* framework requires the plaintiff to establish a *prima facie* case of discrimination, which, if established, raises a presumption of discrimination. *See Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 179–80 (5th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973)). To establish a *prima facie* case in a failure to hire or non-selection case under the ADEA, the plaintiff must show that "(1) he was in the protected class; (2) he was qualified for the position sought; (3) he was not selected; and (4) he was either (a) replaced by another person outside of the protected class; (b) replaced by someone younger; or (c) otherwise not selected because of age." *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 (5th Cir. 2005). To establish a *prima facie* case in a failure to hire case under Title VII, a plaintiff must show (1) that the plaintiff was a member of a protected class; (2) that the plaintiff was qualified for the position for which he or she applied; (3) that the plaintiff was rejected; and (4) that after the rejection, the employer promoted, hired, or continued to seek someone outside the plaintiff's class for the job. *Jones v. Flagship Int'l*, 793 F.2d 714, 724 (5th Cir. 1986).

If the plaintiff successfully establishes a *prima facie* case of discrimination, the employer must then produce a legitimate nondiscriminatory reason for its adverse employment decision. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). Once the employer produces evidence

3

of a nondiscriminatory reason, the burden shifts back to the plaintiff employee to raise a genuine issue of material fact that the nondiscriminatory reason is merely pretextual. *Id.* To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). A plaintiff may establish pretext by showing either (1) the reason offered by the employer is untrue, or (2) the reason is true, but the plaintiff's protected characteristic was a motivating factor in the adverse decision (the "mixed-motive" alternative). *Id.*; *Keelan v. Majestco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005). The plaintiff bears the ultimate burden of persuading the trier of fact, by a preponderance of the evidence, that the employer intentionally discriminated against him because of his protected status. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219–20 (5th Cir. 2001).

Title VII's anti-retaliation provision protects an employee who is discriminated against because he has "'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59, 126 S. Ct. 2405 (2006) (quoting 42 U.S.C. § 2000e-3(a)). To establish a *prima facie* case of retaliation, a plaintiff must show: (1) he engaged in protected activity; (2) he was subjected to an adverse employment action; and (3) a casual link existed between the protected activity and the adverse employment action. *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 1997). At a minimum, "in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) (citing *Medine v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001)). If the plaintiff makes a *prima facie* showing of retaliation, the burden of production shifts to the employer, which must "articulate a

legitimate, nondiscriminatory or nonretaliatory reason for its employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). "If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. . . . To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *Id*.

### IV. ANALYSIS

**A.    Timeliness of Claim**

A plaintiff has 90 days within receipt of a right to sue letter from the EEOC to file suit in district court. 29 U.S.C. § 626(e). The City argues that Chhim failed to timely file a lawsuit within 90 days of receipt of the right-to-sue letter for the ADEA claim, which it states was sent by the EEOC on December 17, 2010. Dkt. 20. The City does not cite any evidence demonstrating that the right-to-sue letter relating to Chhim's ADEA claim was sent on December 17, 2010. *See id.* As noted by the City, the 90 day requirement is treated as a statute of limitations. *See* Dkt. 20; *see also Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (noting that "the ninety-day requirement is akin to a statute of limitations"). A statute of limitations defense is an affirmative defense and, as such, the defense bears the burden of proof. *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004). The City has failed to meet its burden. Thus, the City's motion for summary judgment on the grounds that Chhim did not timely file his ADEA claim is DENIED.

**B.    Discrimination Claim**

Chhim has presented no evidence that shows he is a member of a protected class, that he was qualified for the position, that others similarly situated were more favorably treated, or that the City failed to hire him because of his age or promoted, hired, or continued to seek someone outside of his

5

class for the job. Instead, Chhim conclusorily states that he is "Cambodian, Asian, and brown," that he "was more qualified," and that he was "replaced by a person not in his protected class." Dkt. 24. He offers no competent summary judgment evidence in support of these statements, and he does not even state his age in his response. *See id.* He attempts to show that the position was filled by presenting the court with an unauthenticated printout from the Internet from the website https://www.governmentjobs.com/jobseekers/js_sentapplications.cfm. Dkt. 24, Ex. B. The website appears to show all government jobs for which Chhim applied and the status of his applications. *Id.* The "status" for the position of custodian for the City of Houston indicates that the position has been filled. *Id.* The City objects to this evidence as inadmissible hearsay and improper summary judgment evidence. Dkt. 25. Chhim did not respond to the City's evidentiary objection.

Under Rule 56(c) of the Federal Rules of Civil Procedure, a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Here, Chhim has simply not supplied any admissible evidence in support of any of the elements of his *prima facie* case. There is no indication that the Internet printout meets a hearsay exclusion or exception. Since it is from a ".com" rather than ".gov" website, it is, as the City contends, likely not a website hosted or maintained by the City. It therefore in no way seems to be the opposing party's statement or a public record. The

6

court therefore SUSTAINS the City's objection to the evidence, and the evidence is hereby EXCLUDED.[1]

Because the City has asserted that Chhim has no evidence to support his *prima facie* case of age, race, national origin, and color discrimination, and Chhim offers absolutely no valid evidence to support his *prima facie* case of discrimination, the City's motion for summary judgment on these claims is GRANTED.

**C.  Retaliation Claim**

In order to show that the City did not hire him in retaliation for filing previous claims, Chhim must show "a causal link . . . between the protected activity and the adverse employment action." *Evans v. City of Houston*, 246 F.3d 344, 351 (5th Cir. 2001). As evidence that the City's motives for failing to hire him were retaliatory, Chhim offers a settlement agreement between him and the City from 1994. Dkt. 24, Ex. A. A 16-year time frame between plaintiff's prior EEOC claim against the City and the present allegation of retaliation is too attenuated to serve as a causal link between the protected activity and the adverse employment action. *See, e.g.*, *Ameen v. Merch & Co., Inc.*, 226 Fed. App'x 363, 376 (5th Cir. 2007) ("The timing of [the plaintiff's] termination, eleven months after she allegedly complained to [her supervisor], casts significant doubt on the claim that her termination was in retaliation for that complaint."); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (noting that a time span of approximately ten months between a complaint and discharge was insufficient to prove retaliation and, in fact, "suggests that a retaliatory motive was highly unlikely"). Moreover, the City has offered a legitimate, nonretaliatory reason for

---

[1] Even if the printout were admissible, it shows only that the position was filled and is not evidence that the City hired someone outside of Chhim's class. Thus, it would not satisfy Chhim's *prima facie* burden.

not hiring Chhim—because it cancelled the job posting due to budget shortfalls—and Chhim has offered no admissible evidence demonstrating that the City's reason is pretext. *See* Dkt. 20, Ex. 2. "'[T]he cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting a person for those positions.'" *Bowers v. Peake*, 366 Fed. App'x 562, 563 (5th Cir. 2010) (quoting *Phillips v. TXU Corp.*, No. 3:05-cv-1588, 2006 WL 3900112, at *5 (N.D. Tex. Dec. 29, 2006)).  Because Chhim has presented no evidence indicating a genuine issue for trial on either the discrimination or retaliation claims, the City of Houston's motion for summary judgment (Dkt. 20) on those claims is therefore GRANTED.

## V. Conclusion

After consideration of the motion and applicable law, the City's motion for summary judgment (Dkt. 20) is GRANTED. Chhim's claims are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on December 3, 2012.

_____
Gray H. Miller
United States District Judge

8